UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED-E04
02 JAN 10 PM 3:58

| | |
|---|---|
| GLENAYRE ELECTRONICS, INC., a Colorado corporation,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIP JACKSON, an individual,<br><br>Defendant. | Civil Action No. **02C 0256**<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>JUDGE LEINENWEBER<br><br>MAGISTRATE JUDGE LEVIN |

DOCKETED JAN 11 2002

Plaintiff Glenayre Electronics, Inc. ("Glenayre") for its complaint against Defendant Phillip S. Jackson ("Jackson") states and alleges as follows:

**Jurisdiction and Venue**

1. This is an action for a declaratory judgment under 28 U.S.C. § 2201. Glenayre seeks a declaratory judgment that none of its products infringe any claim of U.S. Patent No. 4,596,900 (the "'900 patent," or the "Jackson patent"). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a), and 2201. Venue is proper in this district under 28 U.S.C. § 1391(b).

**PARTIES**

2. Glenayre is a Colorado corporation having a principal office at 11360 Lakefield Drive, Duluth, Georgia 30097. Glenayre is licensed to and does carry on business activities within this district.

3. Upon information and belief, Defendant Jackson is an individual residing in Park Ridge, Illinois, and is the owner of all right, title and interest in the '900 patent.

4. There is a case of actual controversy between Glenayre and Jackson concerning infringement of U.S. Patent No. 4,596,900 in that Jackson, through his counsel, has accused



Glenayre of infringing the '900 patent.

## FACTUAL BACKGROUND

5. Glenayre is engaged in the business of developing and providing leading edge personal communications systems for the global market. Glenayre's products include one-way and two-way wireless messaging infrastructure equipment that, among other things, provide for the storage and retrieval of voicemail messages.

6. Glenayre is a pioneer and leader in various technologies relating to personal communications. Since its inception more than thirty-five years ago, Glenayre has invested well over one hundred million dollars in research and development and has obtained approximately 80 patents on technologies it has developed. Glenayre's products are the result of Glenayre's own substantial design and development efforts achieved through the expenditure of considerable time, effort and money on its part.

7. On December 19, 2001, Jackson, through his counsel, Raymond P. Niro, sent Glenayre's chief legal officer, Kevin Cranman, correspondence alleging that, "[a]ny of Glenayre's telephone or voice mail services (including specifically, the 'beeperless' or 'tone' remote controls) are covered by the claims of the Jackson '900 patent." (*See* Dec. 19, 2001 corresp. attached as Exhibit A). Mr. Niro's correspondence included a license that Mr. Niro urged Cranman to execute, saying:

> Mr. Jackson proposes a simple settlement and license that will fully release Glenayre from liability under any of his patents and will grant a covenant not to sue and paid-up license for the future. In the case of Glenayre, the lump-sum amount required for such a license is dependent upon Glenayre's sales volumes. [M]r. Jackson very much would like to amicably and promptly resolve all issues with Glenayre through a settlement, rather than through litigation . . .

Exhibit A, pp. 5-6.

8. Mr. Niro's December 19, 2001 letter followed on the heels of actual litigation instituted by Jackson against several of Glenayre's customers based on similar allegations of patent infringement.

9. On information and belief, Jackson filed the application leading to the '900 patent on June 23, 1983. On information and belief, the '900 patent issued on June 24, 1986 and initially contained seven independent and ten dependent claims. A copy of the '900 patent as originally issued by the United States Patent and Trademark Office ("USPTO") is attached as Exhibit B. Since the time of its initial issuance, Jackson has sought to modify and add to the claims of his '900 patent. On October 10, 1995 the USPTO issued a first Reexamination Certificate wherein Claims 2, 4, 13, 14 and 16 of the '900 patent were amended. A copy of the first Reexamination Certificate issued by the USPTO in connection with the '900 patent is attached as Exhibit C. On August 26, 1997 the USPTO issued a second Reexamination Certificate wherein Claims 1, 3, 4, 5, 7, 8, 10, 11 and 15 of the '900 patent were amended and wherein ninety-nine (99) entirely new claims were added. A copy of the second Reexamination Certificate issued by the USPTO in connection with the '900 patent is attached as Exhibit D.

## PATENT NON-INFRINGEMENT

10. Plaintiff realleges each and every allegation set forth in paragraphs 1-9 above as if fully set forth herein.

11. Defendant Jackson has asserted and continues to assert that Glenayre infringes the '900 patent (*see* Jackson's allegation, quoted at paragraph 7, above).

12. Jackson's allegations of patent infringement are wholly without merit. Each of the one hundred sixteen claims of the '900 patent, as reexamined, calls for one or more

elements not contained in any Glenayre product.

13. Independent Claims 1 and 59, and Claims 2, 13, 14, 16, 18-22 and 60-68 dependent thereon, each specify a "phone-line-linked, tone operated control apparatus" having "dual state means" and "gating means." None of Glenayre's products includes "dual state means" or "gating means" as required by these claims.

14. Independent Claims 3 and 69, and Claims 4, 23-30 and 70-78 dependent thereon, each specify a "phone-line-linked, tone operated control apparatus" having "sequence detecting means" coupled to "logic gate means" and "flip-flop means." None of Glenayre's products includes sequence detecting means "coupled to "logic gate means" and "flip-flop means" as required by these claims.

15. Independent Claims 5, 15, 79 and 112, and Claims 6, 8, 9, 31-37, 55-58, 80-89, and 113-116 dependent thereon, each specify a "phone-line-linked, tone operated control apparatus" having "access limiting circuit means" including "gate means" or "gating circuit means." None of Glenayre's products includes "access limiting circuit means" including "gate means" or "gating circuit means" as required by these claims.

16. Independent Claims 7, and 90, and Claims 38-43, and 91-96 dependent thereon, each specify a "phone-line-linked, tone operated control apparatus" having "access limiting circuit means," and "enabling circuit means." Independent Claims 11 and 105, and Claims 12, 17, 51-54 and 106-111 dependent thereon, each specify an "access limiting apparatus" having "enabling circuit means." None of Glenayre's products includes "access limiting circuit means" including "enabling circuit means" as required by these claims.

17. Independent Claims 10, and 97, and Claims 44-50 and 98-104 dependent thereon, each specify a "phone-line-linked, tone operated control apparatus" having "switching

01/10/02 THU 14:37 FAX 206 224 0779 CHRISTENSEN O'CONNOR J K
01/10/02 16:26 C & STRES LTD → CASTELLE
NO.

means," "feedback means," and "gate means" coupled to "answering circuit means." None of Glenayre's products includes "switching means," "feedback means," and "gate means" coupled to "answering circuit means" as required by these claims.

18. Pursuant to 28 U.S.C. §§ 2201 and 1338(a), Glenayre is entitled to a judgment declaring that Glenayre does not infringe any claim of the '900 patent.

WHEREFORE, plaintiff Glenayre respectfully requests the following relief:

A. Judgment declaring that U.S. Patent No. 4,596,900 is not infringed by plaintiff Glenayre, or any of its products;

B. that Glenayre be awarded its costs and reasonable attorney fees;

C. that Glenayre be awarded such other and further relief as the Court may deem just and proper.

### PLAINTIFF DEMANDS TRIAL BY JURY.

Plaintiff Glenayre hereby demands a trial by jury for all issues presented by this action.

Dated this 10th day of January, 2002.

Respectfully submitted,

Philip P. Mann, WSBA No: 28,860
Gregory F. Wesner. WSBA No: 30,241
Thomas M. Donahue, WSBA No: 23,313
CHRISTENSEN O'CONNOR
 JOHNSON KINDNESS PLLC
1420 Fifth Ave., Suite 2800
Seattle, Washington 98101
(206) 682-8100

_(signature)_
Local Counsel:
Andrew T. Staes
COLE & STAES, Ltd.
Suite 1150, 321 South Plymouth Court
Chicago, Illinois 60604
(312) 697-0200

Attorneys for Plaintiff GLENAYRE ELECTRONICS, INC.

PPM/TMD/GFW:skh

SEE CASE FILE FOR EXHIBITS

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
GLENAYRE ELECTRONICS, INC., a Colorado corporation

### DEFENDANTS
Phillip Jackson

**DOCKETED JAN 11 2002**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Duluth, Georgia
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Cook
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Andrew Staes
Cole & Staes, Ltd.
321 S. Plymouth Crt. #1150
Chicago, IL 60604

**02C 0256**
**JUDGE LEINENWEBER**
**MAGISTRATE JUDGE LEVIN**

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☒ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Declaratory judgment of non-infringement of patent

### VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

### VIII. This case
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE: 1/10/02

SIGNATURE OF ATTORNEY OF RECORD

01/10/02 THU 14:25 FAX 206 224 0779  CHRISTENSEN O'CONNOR J K  ☑002
01/10/02  15:15  COLE & STAES LTD → CASTELLE  NO.110

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**DOCKETED 02C 0256**
**JAN 11 2002**
**JUDGE LEINENWEBER**
**MAGISTRATE JUDGE LEVIN**

In the Matter of

GLENAYRE ELECTRONICS, INC.
a Colorado corporation,

Case Number:

v.

PHILLIP JACKSON

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

GLENAYRE ELECTRONICS, INC., a Colorado corporation

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Philip P. Mann | NAME: Gregory F. Wesner |
| FIRM: Christensen O'Connor Johnson Kindness | FIRM: Christensen O'Connor Johnson Kindness |
| STREET ADDRESS: 1420 Fifth Avenue, Sutie 2800 | STREET ADDRESS: 1420 Fifth Avenue, Suite 2800 |
| CITY/STATE/ZIP: Seattle, Washington 98101 | CITY/STATE/ZIP: Seattle, Washington 98101 |
| TELEPHONE NUMBER: (206) 682-8100 | TELEPHONE NUMBER: (206) 682-8100 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☒ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Thomas M. Donahue, Jr. | NAME: Jeffrey Cole/Andrew Staes |
| FIRM: Christensen O'Connor Johnson Kindness PLLC | FIRM: Cole & Staes, Ltd. |
| STREET ADDRESS: 1420 Fifth Avenue, Suite 2800 | STREET ADDRESS: 321 S. Plymouth Court #1150 |
| CITY/STATE/ZIP: Seattle, Washington 98101 | CITY/STATE/ZIP: Chicago, IL 60604 |
| TELEPHONE NUMBER: (206) 682-8100 | TELEPHONE NUMBER: (312) 697-0200 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6186150 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☒ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☒ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ | DESIGNATED AS LOCAL COUNSEL? YES ☒ NO ☐ |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE