UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLENAYRE ELECTRONICS, INC., a Colorado corporation, ) ) ) Plaintiff, ) ) v. ) ) PHILIP JACKSON, an individual, ) ) Defendant. ) | No. 02 C 0256<br><br>Judge Leinenweber<br>Mag. Judge Levin |

### NOTICE OF MOTION

TO: See Certificate of Service

PLEASE TAKE NOTICE that on **Tuesday, February 12, 2002 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the **Honorable Harry D. Leinenweber**, or any other judge sitting in his stead, in the United States District Court for the Northern District of Illinois, Eastern Division, located at 219 S. Dearborn Street, **Room 1941**, Chicago, Illinois, and shall then and there present **MOTION TO DISMISS OR STAY**, a copy of which is attached hereto and hereby served upon you.

_____
Raymond P. Niro
Dean D. Niro
Robert P. Greenspoon
NIRO, SCAVONE, HALLER AND NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

Attorneys for Philip Jackson



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **NOTICE OF MOTION** was served upon the below-listed counsel by

Federal Express:
Philip P. Mann
Gregory F. Wesner
Thomas M. Donahue, Jr.
Christensen O'Connor Johnson Kindness
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101
(206) 682-8100

Messenger Delivery:
Jeffrey Cole
Andrew Staes
Cole & Staes, Ltd.
321 S. Plymouth Court
Suite 1150
Chicago, IL 60604
(312) 697-0200
*Attorneys for Glenayre Electronics, Inc.*

on this 4th day of February, 2002.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLENAYRE ELECTRONICS, INC., a Colorado corporation, | ) ) ) |
| Plaintiff, | ) ) No. 02 C 0256 |
| v. | ) ) Judge Leinenweber |
| | ) Mag. Judge Levin |
| PHILIP JACKSON, an individual, | ) ) |
| Defendant. | ) |

### JACKSON'S MOTION TO DISMISS OR STAY

Defendant, Philip Jackson, respectfully moves pursuant to Fed.R.Civ.P. 12(b)(1) and 28 U.S.C. §2201 to dismiss plaintiff's complaint. Good cause exists to dismiss the complaint because Mr. Jackson did not give plaintiff any objectively reasonable apprehension of suit. In the alternative, Mr. Jackson requests that the Court decline to exercise jurisdiction, or otherwise stay this action pending resolution of two other lawsuits concerning the same patent, all of which is within the Court's discretion.

The accompanying memorandum in support of this motion sets forth the facts, points and authorities permitting the relief requested.

Respectfully submitted,

_____
Raymond P. Niro
Dean D. Niro
Robert P. Greenspoon
NIRO, SCAVONE, HALLER AND NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

Attorneys for Philip Jackson



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **JACKSON'S MOTION TO DISMISS OR STAY** were served upon the below-listed counsel by

| | |
|---|---|
| Federal Express: | Philip P. Mann<br>Gregory F. Wesner<br>Thomas M. Donahue, Jr.<br>Christensen O'Connor Johnson Kindness<br>1420 Fifth Avenue, Suite 2800<br>Seattle, WA 98101<br>(206) 682-8100 |
| Messenger Delivery: | Jeffrey Cole<br>Andrew Staes<br>Cole & Staes, Ltd.<br>321 S. Plymouth Court<br>Suite 1150<br>Chicago, IL 60604<br>(312) 697-0200<br>***Attorneys for Glenayre Electronics, Inc.*** |

on this 4th day of February, 2002.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLENAYRE ELECTRONICS, INC.,  )
a Colorado corporation;      )
                             )
            Plaintiff,       )    No. 02 C 0256
                             )
v.                           )    Judge Leinenweber
                             )    Mag. Judge Levin
PHILIP JACKSON, an individual, )
                             )
            Defendant.       )

### JACKSON'S MEMORANDUM IN SUPPORT OF
### MOTION TO DISMISS OR STAY

Defendant Philip Jackson ("Jackson") respectfully moves to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1), because there is no subject matter jurisdiction supporting Plaintiff's request for a declaratory judgment on issues of infringement of Jackson's '900 patent. There is no actual controversy between Jackson and Plaintiff.

If the Court denies the motion to dismiss in whole or part, Jackson alternatively requests that the Court stay this action pending disposition of earlier-filed cases pending in the Northern District of Illinois before Judge Castillo No. 01-C-8001 and in the District of Colorado before Judge Babcock No. 01-B-2072 (the "Infringement Suits"). These suits are a reason why this case was filed.

### I. FACTS

As alleged in Plaintiff's Complaint, Jackson is an Illinois resident that owns the '900 patent at issue. Jackson does not compete with Plaintiff and Jackson's only contacts with Plaintiff have been in response to inquiries by Plaintiff.

Jackson has infringement suits pending in Illinois and Colorado. Jackson's suit in Illinois is against Illinois Bell Telephone Company d/b/a Ameritech Illinois, Ameritech Corp., SBC Communications, Inc., VTech Telecommunications Limited, VTech Communications, Inc., Nortel Networks, Inc., and TDS Metroccom, Inc. for infringement of the '900 patent ("Illinois Defendants"). Jackson's suit in Colorado is against Qwest Corporation, Time Warner Telecom General Partnership, Time Warner Telecom Holdings, Inc., Time Warner Telecom of Colorado LLC, e.spire Communications, Inc., and Pac-West Telecom, Inc. for infringement of the '900 patent ("Colorado Defendants"). The Illinois Defendants and Colorado Defendants sell or offer for sale telephone answering devices and/or voice messaging and other remote TOUCH TONE services. The Illinois Defendants and Colorado Defendants are infringers of Jackson's '900 patent, and as such they are the proper parties to Jackson's suit. 35 U.S.C. §271(a) (infringement to make, use, sell, import, or offer to sell patented invention). Jackson has a claim for damages, unique to each act of direct infringement, against the Illinois Defendants and Colorado Defendants.

Plaintiff's Complaint comes "out of the blue." Jackson did not seek out Plaintiff, make a threat or charge of infringement against Plaintiff directly or indirectly, and has taken no action which would create any apprehension by Plaintiff that it is about to be sued by Jackson, as is required for declaratory-judgment jurisdiction. Plaintiff alleges that Jackson has instituted litigation "against several of Glenayre's customers" (Complaint ¶ 8). However, there is no allegation that Plaintiff has indemnified any alleged customer and Plaintiff has not identified the alleged customers that Jackson has sued. Nor has Plaintiff pled that Jackson's suit against a customer concerns Plaintiff's products. As such, Plaintiff has no legal stake in the Infringement Suits. Plaintiff's Complaint appears to be

either a marketing strategy or an effort to derail legitimate enforcement of the '900 patent against direct infringers.

## II. STANDARD FOR SUBJECT MATTER JURISDICTION

A motion contesting subject matter jurisdiction requires review of evidence submitted on the issue, and fact finding by the Court. The Plaintiff has the burden to support its allegations with proof and to demonstrate by a preponderance that there is an "actual controversy" under the Declaratory Judgment Act, 28 U.S.C. §2201. Dow Chemical Co. v. Viskase Corp., 892 F. Supp. 991, 992 n. 1 (N.D. Ill. 1995); Field Container Co. v. Somerville Packaging Corp., 842 F. Supp. 338, 341 n.3 (N.D. Ill. 1994). See also West Interactive Corp. v. First Data Resources, Inc., 972 F.2d 1295, 1297 (Fed. Cir. 1992) (plaintiff's burden).

There is a recognized, two-part test for an "actual controversy" when a party requests a declaratory judgment on issues of patent infringement and validity. The Plaintiff must demonstrate both:

> (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.

BP Chem. Ltd. v. Union Carbide Corp., 4 F.3d 975, 978 (Fed. Cir. 1993). Both elements of the test must be present for a determination of actual controversy. This is an objective test applied to the facts at the time the Complaint was filed, January 10, 2002. West Interactive, 972 F.2d at 1297.

## III. PLAINTIFF CANNOT PROVE AN ACTUAL CONTROVERSY

Plaintiff must show an objectively "reasonable apprehension" of suit against it, based on conduct by Jackson. Shell Oil Co. v. Amoco Corp., 970 F.2d 885, 887-8 (Fed. Cir. 1992); West Interactive, 972 F.2d at 1297. Where, as here, there is no direct charge of infringement, the "totality of the circumstances" are used to determine whether plaintiff has a reasonable apprehension of litigation. Arrowhead Industrial Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 736 (Fed. Cir. 1988). In BP Chem. Ltd. v. Union Carbide Corp., the trial court concluded that there was no basis for a declaratory judgment action because the patentee "repeatedly expressed desire to resolve any problems *amicably*." 757 F.Supp. 303, 310 (S.D.N.Y. 1991) *aff'd.* 4 F.3d 975 (Fed. Cir. 1993)(emphasis added). Mr. Niro's letter to Mr. Cranman explicitly stated:

> Quite frankly, however, the litigation process generally proves to be more destructive than it is productive. On the one hand, litigation can result in enormous recoveries after trial. On the other hand, the costs and burdens involved to both sides in any lawsuit are considerable.
> Because of these considerations, Mr. Jackson very much would like to *amicably* and promptly resolve all issues with Glenayre through a settlement, rather than through litigation.

(Exhibit A to Complaint, p. 5-6; Niro Decl. at ¶ 4, attached hereto as Exhibit A)(emphasis added). Just like the court in BP Chemicals, this Court should find that Jackson's attempt to amicably negotiate a settlement with Plaintiff is insufficient to cause a reasonable apprehension of litigation. See also, Shell Oil Co. v. Amoco Corp., 970 F.2d 885, 889 (Fed. Cir. 1992)(reasoning that meetings, letters, and statements typically made in licensing negotiations do not give rise to a reasonable apprehension.).

Plaintiff further fails to meet its burden of demonstrating a reasonable apprehension of litigation because Jackson's contact with Plaintiff was solicited by Plaintiff. (Niro Decl. at ¶ 2).

4

Plaintiff's concern about the '900 patent is a matter of their own devising, not the result of any action by Jackson. Mr. Niro's letter of December 19, 2001 (Exhibit A to Complaint) was prompted by inquiries from Mr. Cranman about the '900 patent and Jackson's pending litigation. (Niro Decl. at ¶ 2). Plaintiff then turned around and used that correspondence to support its declaratory judgment suit. (Complaint ¶ 7). Correspondence, even in the form of a licensing offer, cannot support an allegation of an actual controversy. Philips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha, 57 F.3d 1051, 1053 (Fed. Cir. 1995) ("The 'reasonable apprehension of suit' test requires more than the nervous state of mind of a possible infringer.").

> The offer of a patent license does not create an actual controversy. In this case there was no question that a license was available to Phillips Plastics and Illinois Tool Works, if such were needed. Phillips Plastics or Illinois Tool Works was not risking a shutdown of its business. License terms were yet to be discussed. When there are proposed or ongoing license negotiations, a litigation controversy normally does not arise until the negotiations have broken down.

Phillips, 57 F.3d at 1053; see also SRI Int'l, Inc. v. Advanced Technology Laboratories, Inc., 127 F.3d 1462 (Fed. Cir. 1997) (patentee's letter stating certain designs "may infringe" and offering to discuss a license does not provide reasonable apprehension of suit, but does put recipient on notice of the patent); Studio Due, S.r.L. v. Vari-Lite, Inc., 2000 U.S. Dist. LEXIS 9836, at *7-*11 (S.D.N.Y. July 12, 2000) (Language including "covered by", "may infringe" "cease and desist" and "Vari-Lite has aggressively enforced its right to exclude" still does not give objectively reasonable apprehension of suit, in light of offer to discuss licensing terms). This especially holds true where the purported evidence is correspondence generated only in response to inquiries by the Plaintiff. Plaintiff has inappropriately attempted to prop up its declaratory judgment suit with an informational letter that clearly expressed a desire to avoid litigation.

5

The only remaining "evidence" offered as justification for Plaintiff's declaratory judgment suit is the allegation of "actual litigation instituted by Jackson against several of Glenayre's customers." (Complaint ¶ 8). However, Plaintiff does not identify those customers or whether they have agreed to indemnify them. Furthermore, this situation is not the typical customer suit where the Plaintiff is the "real party in interest." Kahn v. General Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989). The Illinois and Colorado Defendants are not simply "resellers" or conduits for sale of Glenayre's hardware and software products. Air Prods. and Chems., Inc. v. MG Nitrogen Servs., Inc., 133 F.Supp.2d 354, 357 (D. Del. 2001)(customer "not merely a reseller of the [accused] equipment."). Voice messaging and other remote TOUCH TONE service providers, such as Illinois and Colorado Defendants, utilize hardware and software components from various vendors to customize, connect, and provide the end users with a service. Further, Jackson also has a strong interest in proceeding in suit against the Illinois and Colorado Defendants because they are direct infringers. Kahn v. General Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989)(stating a suit against only a manufacturer under the customer suit exception would not give the patentee complete relief); Codex Corp. v. Milgo Electronic Corp., 553 F.2d 735, 738 (1st Cir. 1977)("There may be situations, due to the prospects of recovery of damages or other reasons, in which the patentee has a special interest in proceeding against a customer himself, rather than solely as a shadow of the manufacturer . . . ."). Like in Kahn, the declaratory judgment suit should not proceed because it would not "resolve all charges against the customers . . . including liability for damages." Id. at 1081-82. Therefore, Plaintiff's declaratory judgement suit should be dismissed if not for lack of subject matter jurisdiction, then under the "first to file" rule.

6

Because Plaintiff cannot satisfy the two prong test for establishing an actual controversy, the declaratory judgment suit by Plaintiff should be dismissed.

## IV. EVEN IF AN ACTUAL CONTROVERSY EXISTS, THE COURT SHOULD DECLINE JURISDICTION OR STAY THE CASE

The Court has discretion to decline the exercise of declaratory judgment jurisdiction, even if the requirement of an actual controversy has been met. Cygnus Therapeutics Systems v. Ala Corp., 92 F.3d 1153, 1159 (Fed. Cir. 1996), overruled on other grounds by Nobelpharma v. Implant Innovations, 141 F.3d 1059 (Fed. Cir. 1998); TRW, Inc. v. Ellipse Corp., 495 F.2d 314, 322 (7th Cir. 1974). Declining jurisdiction, or at a least staying this action, is appropriate here, where Plaintiff's stated intent is to litigate the same issues as the Infringement Suits. (Complaint ¶ 8). The Supreme Court has endorsed the stay of litigation or outright dismissal where a declaratory-judgment case involves the same circumstances as other pending litigation. Abbott Labs v. Gardner, 387 U.S. 136, 87 S.C.1507, 1519 (1967). In patent litigation, where there are duplicative, co-pending cases for infringement and declaratory judgment, the first-filed case takes precedence. Kahn v. General Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989). The traditional exception to the "first to file" rule for customer suits is inapplicable here because as Plaintiff admits in its complaint Jackson could have brought suit against Glenayre in this district. (Complaint ¶ 2). If the declaratory judgment plaintiff is subject to jurisdiction in the district where the customer suit was filed, then the customer suit exception does not apply and the first to file rule prevails. Air Prods. and Chems., Inc. v. MG Nitrogen Servs., Inc., 133 F.Supp.2d 354,357 (D. Del. 2001)(Stating the customer suit exception does not apply where "the manufacturer of a device used to infringe the claims of the patents-in-suit,

7

can be named as a defendant in [the same jurisdiction]."); Diamond-Chase Co. v. Stretch Devices, Inc., 16 USPQ2d 1568, 1570 (C.D. Cal. 1990).

The Infringement Suits take precedence to this case, and the facts warrant stay or dismissal of this case while the other suits proceed. Plaintiff has not acknowledged any obligation to indemnify or defend their so-called customers in the Infringement Suits. Judge Castillo in Illinois has set a schedule for expedited discovery into infringement scope with claim charts due on February 11, 2002 and a *Markman* brief by April 12, 2002 (Minute Order, attached hereto as Exhibit B). Full discovery will commence upon the Court's denial of a motion to stay filed by the Illinois defendants (based on the pendency of an unrelated appeal involving an unrelated accused infringer). The issues of alleged concern to Plaintiff will be resolved most quickly in the Infringement Suits. Therefore, given that the Infringement Suits must proceed, this case should be stayed or dismissed in favor of those suits.

## CONCLUSION

Jackson respectfully requests that the Court dismiss the Complaint, or stay this action in light of the pending Infringement Suits.

Respectfully Submitted,

_____
Raymond P. Niro
Dean D. Niro
Robert P. Greenspoon
William W. Flachsbart
NIRO, SCAVONE, HALLER AND NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Attorneys for Philip Jackson

8

# SEE CASE FILE FOR EXHIBITS