UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| GLENAYRE ELECTRONICS, INC., a Colorado corporation, <br><br> Plaintiff, <br><br> v. <br><br> PHILIP JACKSON, an individual, <br><br> Defendant. | Civil Action No. 02 C 0256 <br><br> Honorable Harry D. Leinenweber <br> Magistrate-Judge Ian H. Levin |
| PHILIP JACKSON, an individual, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> GLENAYRE ELECTRONICS, INC. and PRIMECO PERSONAL COMMUNICATIONS, L.P. <br><br> Counterclaim-Defendants. | |

**STATEMENT OF LAW SUPPORTING THE *TRANS-WORLD MFT. CORP.* DECISION DISCUSSED BY THE COURT DURING THE AUGUST 20 STATUS**

At this morning's status hearing, the Court indicated it would review Mr. Jackson's cited Trans-World Mft. Corp. decision (page 4 of the opening brief) to determine whether it truly states that "profit from the use of the patented invention" is relevant to a reasonable royalty. Of course it does, and it has not been since overruled. In fact, several other decisions further support the holding in Trans-World.

The following authority supports the Trans-World decision and Mr. Jackson's contentions that the measure of damages to be awarded against Glenayre (as a contributory infringer/inducer) is



based on the profit from the use of the patented invention by its customers (as direct infringers).

A contributory infringer (like Glenayre) is liable to the patentee for the harm caused by the direct infringers (its customers):

> A contributory infringer, like any joint tortfeasor, is responsible for the full extent of the harm suffered by the plaintiff. Like any joint tortfeasor, defendants are liable not only for the portion of the harm they caused, but also the portion of the harm caused by the direct infringer.

Syntex (U.S.A.) Inc. v. Paragon Optical Inc., 7 U.S.P.Q.2d 1001, 1040 (D. Ariz. 1987).

The famous treatise, Chisum on Patents, puts it this way:

> In the case of certain patented products, particularly machines, it may be both feasible and desirable for the patent owner to extract a royalty based on the amount of use of the product. If a rival manufacturer sells the product without authority for use by others, again without authority, the patent owner may recover damages against the manufacturer both for any lost profits on the sales and for the unlicensed uses up to the date of the judgment. While the infringing manufacturer did not actually engage in the infringing uses, its acts of manufacture and sale made such uses possible.

7 Chisum on Patents § 20.03[7][b][iii] at 20-601 (Rev. 12/99).

It makes sense, then, that the *measure* of damages against the contributory infringer/inducer is the same as the measure of damages against the direct infringer. Id. § 20.03[7][b][iv] at 20-602. For example, it has been held that a manufacturer A who provides equipment to customer B which is used to provide services to subscribers C may be liable to the extent of subscriber C's use of the infringing equipment. See Oak Industries Inc. v. Zenith Electronics Corp., 697 F. Supp. 988, 996 (N.D. Ill. 1988) (damages calculated "to the extent of that use"); see also Water Technologies Corp.

v. <u>Calco, Ltd.</u>, 850 F.2d 660, 668 (Fed. Cir. 1988) (quoting Chisum with approval: "appropriate relief against one inducing infringement may be [the] same as that against the direct infringer.").

Respectfully submitted,

*[signature]*

Raymond P. Niro
Dean D. Niro
Robert P. Greenspoon
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

Attorneys for Philip Jackson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **SUPPLEMENTAL STATEMENT IN SUPPORT OF MR. JACKSON'S MOTION CONCERNING LIMITED DOCUMENT SUBPOENAS** was served upon the below-listed counsel by fax and mail:

>Philip P. Mann
>Gregory F. Wesner
>Thomas M. Donahue, Jr.
>Christensen O'Connor Johnson Kindness
>1420 Fifth Avenue, Suite 2800
>Seattle, WA 98101
>(206) 682-8100
>
>Jeffrey Cole
>Andrew Staes
>Cole & Staes, Ltd.
>321 S. Plymouth Court
>Suite 1150
>Chicago, IL 60604
>(312) 697-0200
>***Attorneys for Glenayre Electronics, Inc.***

on this 20th day of August, 2002.