UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



OCT - 8 2002

| | |
|---|---|
| GLENAYRE ELECTRONICS, INC., a Colorado corporation, ) ) ) Plaintiff, ) ) v. ) ) PHILIP JACKSON, an individual, ) ) Defendant. ) PHILIP JACKSON, an individual, ) ) Counterclaim-Plaintiff, ) ) v. ) ) GLENAYRE ELECTRONICS, INC. and ) PRIMECO PERSONAL ) COMMUNICATIONS, L.P. ) ) Counterclaim-Defendants. ) | Civil Action No. 02 C 0256<br><br>Honorable Harry D. Leinenweber<br>Magistrate-Judge Ian H. Levin<br><br>FILED<br><br>OCT 07 2002<br><br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

### SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO CLARIFY

Glenayre's suggestion that the Court actually intended that Glenayre could try its non-infringement claim, but Mr. Jackson could not try the converse, infringement, is nonsensical. Glenayre's declaratory judgment complaint deals entirely with direct infringement. Indeed, the operative paragraphs 11 through 18 do not even mention contributory infringement or inducement. Instead, they list various claim limitations allegedly missing from "Glenayre's products" as the *sole* reason for a declaration of non-infringement. Glenayre's declaratory judgment complaint says:

- "Jackson's allegations of patent infringement are wholly without merit. Each of the 116 claims of the '900 patent, as reexamined, calls for one or more elements not contained in any Glenayre product" (¶ 12).



- "None of Glenayre's products includes 'dual state means' or 'gating means' as required by these claims" (¶ 13).
- "None of Glenayre's products includes sequence detecting means coupled to 'logic gate means' and 'flip-flop means' as required by these claims" (¶ 14).
- "None of Glenayre's products includes 'access limiting circuit means' including 'gate means' or 'gating circuit means' as required by these claims" (¶ 15).
- "None of Glenayre's products includes 'access limiting circuit means' including 'enabling circuit means' as required by these claims" (¶ 16).
- "None of Glenayre's products includes 'switching means,' 'Feedback means' and 'gate means' coupled to 'answering circuit means' as required by these claims" (¶ 17).

(Complaint, ¶¶ 12-17). Thus, direct infringement (i.e., whether all the patent claim limitations are present in the accused devices) must be tried even under a literal reading of the Court's Order.

What, then, would happen practically under the trial scenario Glenayre wants?

- Glenayre would get to present evidence that it and its customers do not directly infringe.
- Presumably, Mr. Jackson would be permitted to rebut that evidence by showing they do infringer; and
- The jury would be asked to decide whether or not Glenayre has infringed.

A complete stay of a counterclaim asserting infringement makes absolutely no sense in that context. Most importantly, the Court's Order expressly contemplates a trial on the issue of direct infringement, calling it a prerequisite to a finding of liability for contributory infringement:

> Glenayre's liability as a contributory infringer/inducer depends as a matter of law, on the *logically prior* determination of liability against one or more direct infringers (i.e. Glenayre's customers

(Order, September 27, 2002; emphasis added). This sentence shows the Court itself realized that proof of direct infringement should be offered **before** ("logically prior" to) reaching any non-infringement defense or any issues of contributory infringement/inducement. This is consistent with the ordinary order of proof in patent trials, as in the following cases, which expressly approve a "natural" order of proof, with the patent owner/declaratory judgment defendant presenting infringement evidence first. Haworth, Inc. v. Steelcase, Inc., 4 U.S.P.Q.2d 1654 (W.D. Mich. 1987); John Wood Co. v. Metal Coating Corp., 148 U.S.P.Q. 246 (N.D. Ill. 1966) (Exhibit B).

There can be little doubt that the Court intended only to require that proof of damages follow a finding of liability, staying only that aspect of Mr. Jackson's counterclaim seeking damages. Otherwise, there would be no procedural or factual basis to resolve the issue of direct infringement, which is all Glenayre has pled in its complaint.

For the reasons stated, Mr. Jackson respectfully asks for

clarification on the issues to be tried, the sequence of proofs and the scope of the matters being stayed.

>Respectfully submitted,
>
>*W.W. [signature]*
>
>_____
>Raymond P. Niro
>Dean D. Niro
>Robert P. Greenspoon
>NIRO, SCAVONE, HALLER & NIRO
>181 West Madison Street, Suite 4600
>Chicago, Illinois 60602
>(312) 236-0733
>
>Attorneys for Philip Jackson

# See Case File For Exhibits