

MAY 20 2003

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLENAYRE ELECTRONICS, INC., a Colorado corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PHILIP JACKSON, an individual,<br><br>　　　　Defendant. | Civil Action No. 02C 0256<br><br>Honorable Harry D. Leinenweber<br>Magistrate Judge Ian H. Levin |

FILED MAY 19 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### GLENAYRE'S OBJECTIONS TO JACKSON'S BILL OF COSTS

Glenayre offers the following objections to Jackson's Bill of Costs. The objections are set forth in the same order as the itemization provided by Mr. Jackson after his Form AO133.

**Trial Transcripts**

Glenayre objects to the additional cost of obtaining expedited copies of the trial transcripts. "As a general rule, daily trial transcript costs should not be awarded absent court approval prior to the trial. In the present case, there was no prior approval." *Manildra Milling Corp. v. Ogilvie Mills*, 76 F.3d 1178, 1184 (Fed. Cir. 1996) (citations omitted). In this case, the parties agreed to share the costs of obtaining hourly transcripts. However, such an agreement is not a concession that such transcripts were invaluable. Indeed, neither party made significant use of the daily transcripts during the trial. Therefore, Jackson's award of costs should be limited to one-half of the ordinary transcript costs. In addition, Local Rule 54.1(b) limits the taxation of costs to the original of the transcript and the cost of one copy. Therefore, only the following charges are appropriate.

GLEN2217PL77
05/19/03 11:45 AM

| Date | Original Transcript | First Copy | Total |
|---|---|---|---|
| 3/24-26 | 609 pages @ $1.65 | 609 pages @ $.415 | $1,257.59 |
| 3/31 | 70 pages @ $1.65 | 70 pages @ $.415 | $144.55 |
| 4/01 | 7 pages @ $1.65 | 7 pages @ $.415 | $14.46 |
| | | | $1,416.60 |

**Pretrial Transcripts**

Glenayre objects all costs for pretrial transcripts as there is no evidence that these transcripts were necessarily obtained for use in the case. Glenayre further objects to the transcript of 8/7/02 as there is no itemization to establish the rate paid for the transcript. Glenayre also objects to the transcript for 1/10/03 as it was charged at an excessive rate. This transcript should have cost no more than $16.50.

**Deposition Transcripts**

Glenayre objects to the following deposition transcripts as they were obtained for use in other matters:

| Date | Witness |
|---|---|
| 2/5/02 | Deposition of Silvers[1] |
| 7/17/02 | Deposition of Jackson |
| 8/5/02 | Deposition of Hawn |
| 11/20/02 | Videotape of Jackson Deposition |
| 11/20/02 | Deposition of Jackson |
| 11/26/02 | Deposition of Jackson |

Glenayre further objects for any charges for videotape services for any witness. No video testimony was used at anytime during this case. Glenayre also objects to any charges

---

[1] Glenayre further objects to taxation of the cost of the deposition of Silvers as no supporting evidence has been supplied.

for copies of exhibits prepared by court reporters as all parties were provided with copies of deposition exhibits at the time of the deposition.

In addition, Glenayre objects to the taxation of costs for those depositions that were obtained for use in this case as the requested costs exceed fees allowable by Local Rule 54.1(b). (Glenayre has not objected that any depositions taken in Glenayre v. Jackson were not reasonably necessary at the time they were taken, although many were not used at trial). The following chart sets forth the depositions and allowable charges.

| Date | Witness | Original Transcript | Copy[2] | Total |
|---|---|---|---|---|
| 1/3/02 | Donohue | 255 pages @ $3.30 | $35.00 | $841.50 |
| 8/16/02 | Madsen | 86 pages @ $3.30 | $0.00 | $283.80 |
| 8/16/02 | Bettis[3] | 126 pages @ $3.30 | $0.00 | $415.80 |
| 8/30/02 | Bettis | 120 pages @ $3.30 | $0.00 | $396.00 |
| 8/30/02 | Carr | 33 pages @ $3.30 | $0.00 | $108.90 |
| 11/26/02 | Agiato | Paid by Glenayre | 207 pages @ $.83 | $171.81 |
| 11/26/02 | Silva | Paid by Glenayre | 234 pages @ $.83 | $194.22 |
| 12/27/02 | Samuels | 184 pages @ $3.30 | 184 pages @ $.83 | $152.72 |
| | | | | $2,564.75 |

### Outside Copies

Glenayre objects to Jackson's outside copy charges as grossly excessive. Jackson admitted approximately 254 pages of exhibits at trial. Allowing for "original" copy and courtesy copies for the Court, Glenayre, and Jackson's counsels' own use, only 1,016 copies at $0.10 is reasonably taxable as costs for the documents actually used in the case, or $101.60.

### Inside Copies

---

[2] The copy charges indicated below are the lesser of the allowable cost actually charged by the reporter.

[3] This charge was subsumed in the listing for the deposition for Madsen in Jackson's Bill of Costs.

Glenayre further objects to all charges for all "inside copies." Jackson is involved in multiple patent infringement litigations, and there appears to be no attempt to segregate costs related to this litigation. Furthermore, while Jackson need not make a detailed explanation for every copy, he has failed to offer *any* explanation that these charges were necessary. There must be some information to show that the expense was necessary. *See, American Key Corp. v. Cumberland Associates*, 102 F.R.D. 496, 499 (N.D. Ga. 1984); *Coates v. Penrod Drilling Corp.*, 5 F.3d 877, 892 (5th Cir. 1993).

**Courtroom Equipment**

Glenayre objects to the charge for courtroom equipment. Such a charge is neither a fee for exemplification nor copies if papers necessarily obtained for use in the case. Furthermore, the Court's own equipment could have been used at no expense to the parties.

**Charts and Demonstratives**

Glenayre objects to Jackson's request for $35,686.60 for "charts and demonstratives." Jackson prepared but ultimately did not make use of numerous demonstrative exhibits – his draft of the pre-trial order listed 79 demonstrative exhibits, only a small fraction of which were ultimately used at trial. No attempt has been made to limit his claim to expenses reasonably incurred for use in this case. Instead, Jackson appears intent on saddling Glenayre with the costs of his pre-trial experimentation.

Furthermore, the vast majority of these charges appears to relate to a computer animation that was used briefly during the course of one witness' testimony. The subject matter of the case was not so complicated as to require such an animation, as was amply demonstrated by both parties presenting testimony primarily through the use of figures from the patent. Rather than "vital to the presentation of the information," the animation was "merely a convenience or, worse, an extravagance." *See, Cefalu v. Village of Elk Grove*, 211 F.3d 416, 429 (7th Cir. 2000). Glenayre should not be forced to pay over $34,000 for Jackson's extravagance.

**Other**

Glenayre objects to the charge for certified copies of the patent. At no time did Glenayre contest the validity of the patent and the certified patents conveyed absolutely no material information to the jury.

**Summary**

The following charges are reasonably taxable costs:

| | |
|---|---:|
| Trial Transcripts | $1,416.60 |
| Deposition Transcripts | 2,564.75 |
| Witnesses | 300.00 |
| Outside Copies | 101.60 |
| TOTAL | $4,382.95 |

Dated this 19th day of May, 2003.

Respectfully submitted,

*/s/ Philip Mann (by AJ)*

Philip P. Mann
Thomas M. Donahue, Jr.
Gregory F. Wesner
CHRISTENSEN O'CONNOR
JOHNSON KINDNESS[PLLC]
1420 Fifth Avenue, Suite 2800
Seattle, Washington 98101
(206) 682-8100

*/s/*

Local Counsel:
Andrew T. Staes
COLE & STAES, Ltd.
321 South Plymouth Court, Suite 1150
Chicago, Illinois 60605
(312) 697-02900

Attorneys for Plaintiff
Glenayre Electronics, Inc.

## CERTIFICATE OF SERVICE

I, Andrew Staes, certify that I have caused a copy of Glenayre's Objections to Jackson's Bill of Costs, to be served upon Mr. Raymond P. Niro, Niro Scavone Haller & Niro, 181 W. Madison St., Suite 4600, Chicago, IL 60602 by fax and U.S. Mail on May 19, 2003.

ANDREW STAES