# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 256 | **DATE** | 8/8/2003 |
| **CASE TITLE** | Glenayre Electronics Inc. vs. Philip Jackson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's bill of costs is granted in part and denied in part in the total of $19,455.91.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 1 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 173 |
| | Copy to judge/magistrate judge. | 03 AUG -8 PM 4:00 | date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLENAYRE ELECTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PHILIP JACKSON, an individual, <br><br> Defendant. | **FILED** <br><br> AUG 8 2003 <br><br> JUDGE HARRY D. LEINENWEBER <br> U.S. DISTRICT COURT JUDGE <br><br> Case No. 02 C 0256 |
| PHILIP JACKSON, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> GLENAYRE ELECTRONICS, INC., METROCALL, INC., ARCH WIRELESS, INC., PRIMECO PERSONAL COMMUNICATIONS, L.P., and JOHN DOES (1-10), <br><br> Counterclaim-Defendants. | Hon. Harry D. Leinenweber <br><br>  DOCKETED <br> AUG 11 2003 |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Philip S. Jackson's ("Jackson") Bill of Costs which, after being revised in response to Plaintiff Glenayre Electronics, Inc.'s ("Glenayre") objections, requests the sum of $73,020.97.

### I. DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Court has discretion to direct whether and to what extent it will award costs

to prevailing parties. *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993). However, courts have consistently interpreted Rule 54(d) as providing a strong presumption that the prevailing party will recover costs. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995); *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

28 U.S.C. § 1920 specifies the kinds of costs that may be recovered pursuant to Rule 54(d)(1). These include: (1) fees of the clerk and marshal; (2) fees for court reporters and transcripts; (3) fees for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920. A court may impose such costs upon the losing party if the expenses are reasonable, both in amount and necessity to the litigation. *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

### A. Court Reporter Fees and Transcripts

In his Reply, Jackson claims $9,318.32 for court reporters' fees and transcripts. (Reply at 2.) The Court may tax costs for court reporters and transcripts pursuant to 28 U.S.C. § 1920(2).

Jackson seeks $75.00 for pretrial transcripts. Glenayre objects to the costs of each pretrial transcript, claiming "there is no evidence that these transcripts were necessarily obtained for use in the case." (Pl.'s Objection to Def.'s Bill of Costs at 2.) However,

Jackson has represented that the pre-trial transcripts "were utilized in preparing and presenting his case at trial," (Reply at 7) and the Court has no reason to doubt the veracity of that representation. Since "the cost of transcripts for pretrial proceedings are taxable as costs under Rule 54(d)," *Chamberlain Mfg. Corp. v. Maremont Corp.*, 92 C 0356, 1995 WL 769782, at *10 (N.D. Ill. Dec. 29, 1995); see also *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 944 n.9 (7th Cir. 1988), the Court will allow these costs, though only in the reduced amount of $43.00. That reduction is the consequence of Jackson's failure to provide specific information relating to the hourly charge of the court reporter or the number of pages in the requested hearing transcript for May 31, 2002.

Jackson also requests $3,357.20 in costs for expedited hourly trial transcripts. Glenayre objects to this request, acknowledging that "the parties agreed to share the costs of obtaining hourly transcripts," but arguing that "such an agreement is not a concession that such transcripts were invaluable . . . [as] neither party made significant use of the daily transcripts during trial." (Pl.'s Objection to Def.'s Bill of Costs at 1.) This argument is unpersuasive. First, a transcript need not be absolutely indispensable in order to justify an award of costs. *Barber*, 7 F.3d at 645. Moreover, Jackson claims to have made extensive use of the hourly transcripts in motions, memoranda, and cross-examination (Reply at 7), cf. *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000), and Glenayre's willingness to share the costs of these

transcripts indicates that it, too, was sufficiently convinced of their usefulness at trial. Because the hourly transcripts were useful to trial preparation, utilized by both parties, and because the trial was relatively long and complex, *cf. id.* at 825 n. 3; *EEOC v. Sears, Roebuck and Co.*, 114 F.R.D. 615, 622 (N.D. Ill. 1987)(cost of expedited transcripts taxable where trial is lengthy and complex), these hourly transcript costs will be awarded, subject to a reduction reflecting the parties' agreement to split the charges. Local Rule 54.1(b) provides that "only the cost of the original of [a] transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed." LOCAL R. 54.1(b). After halving the invoiced charges for the original transcripts and extracting the amount for one copy, the Court awards Jackson a total of $1,678.50 in costs for trial transcripts.

Jackson seeks to recover its costs for a number of depositions, as well as certain ancillary services such as delivery, diskette compression and videotape. As an initial matter, the Court notes that Jackson may not recover transcript delivery costs. Under the Judicial Conference guidelines, costs associated with the delivery of transcripts are ordinary business expenses and are not taxable. *See* VI JUDICIAL CONFERENCE OF THE UNITED STATES, GUIDE TO JUDICIARY POLICIES AND PROCEDURES, COURT REPORTER MANUAL, Ch. 20, pt. 20.9.4; *Alexander*, 222 F.Supp.2d at 1090; *Rogers v. City of Chicago*, 00 C 2227, 2002 WL 423723, at *2 (N.D. Ill. Mar. 15, 2002). Further, costs incurred for

computer-based, condensed deposition transcripts are generally not recoverable and will not be awarded here. *See McDonald v. Vill. of Winnetka*, 00 C 3199, 2003 WL 1989656, at *1 (N.D. Ill. Apr. 30, 2003); *Hardy v. Univ. of Ill., Chicago*, 00 C 7639, 2002 WL 2022602 (N.D. Ill. Sept. 3, 2002); *Ochana v. Flores*, 206 F.Supp.2d 941, 945 (N.D. Ill. 2002). Similarly, costs will not be awarded for videotaped depositions, as a party may not recover for videotaping charges where a transcript was also purchased. *See Barber*, 7 F.3d at 645 (costs for videotaping deposition may be awarded in lieu of costs for stenographic transcript); *Fait v. Hummel*, 01 C 2771, 2002 WL 31433424, at *2 (N.D. Ill. Oct. 30, 2002); *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 01 C 6934, 2002 WL 31207212, at *2 (N.D. Ill. Oct. 2, 2002).

In addition, as noted above, where a party seeking costs fails to provide specific information relating to the hourly charges of the court reporter or the number of pages in a requested transcript, no costs will be awarded. Without this type of information, it is impossible for the Court to determine whether specific costs are reasonable and necessary. *See Alexander v. CIT Tech Fin. Servs.*, 222 F.Supp.2d 1087, 1089 (N.D. Ill. 2002); *Teerling v. Fleetwood Motor Homes of Ind., Inc.*, 99 C 5926, 2001 WL 883699, at *2 (N.D. Ill. Aug. 2, 2001). Accordingly, the Court shall not allow costs related to the single-sum, unitemized depositions of James Donohue, Michael Silvers, Michael Hawn, Rolf Madson, Sonny Bettis, Peter Carr, Allen Robert Samuels, and the July 17, 2002 Phil Jackson deposition.

Based on the revised figures provided in his Reply Brief, Jackson seeks $1,529.91 for the remaining four depositions (Jackson 11/20/02 and 11/26/02, Agiato 11/26/02 and Silva 11/26/02)(see Bill of Costs at 3, Reply at 6), and the Court hereby awards that sum.

One final point. Glenayre has objected that certain of the depositions were taken in connection with other cases and should therefore be disallowed. Glenayre's objection is unpersuasive. A party may recover costs for deposition transcripts even where that deposition was taken for a different case. *DeKalb Genetics Corp. v. Pioneer Hi-Bred Int'l., Inc.*, 96 C 50240 and 96 C 50113, 2002 WL 1969666, at *3 (N.D. Ill. Aug. 26, 2002); *Surface v. Commerce Bank of Hutchison*, 85-4092-R, 1990 WL 129218, at *5 (D. Kan. Aug. 17, 1990)("Obtaining copies of depositions and transcripts of other related cases was entirely proper and probably was less expensive than the taking of new depositions."). Moreover, as Jackson notes, Glenayre was present at those other depositions, was given an opportunity to examine the witnesses deposed, and made use of certain of the disputed transcripts at trial during cross-examination of Jackson.

### B. Witness Fees

Jackson claims $300 in witness fees, including two witnesses billed at $40 each for one day's appearance, two witnesses billed at $50 each for one day's appearance, and one witness billed at $120 for a three-day appearance. Fees for witnesses are expressly authorized by 28 U.S.C. § 1920(3), and 28 U.S.C. 1821 provides that "a witness

in attendance at any court of the United States . . . shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(a)(1),(b). Accordingly, Glenayre will be taxed only $40 per witness per day, for a total of $280.

### C. Photocopying Fees

Jackson claims $61,902.65 for "exemplification and copying." The Court may tax as costs the "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4); see Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir. 1998).

A party need not submit a bill of costs itemizing each document copied. See Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991)(party need not submit "description so detailed as to make it impossible economically to recover photocopying costs"). However, a party is required to provide the best breakdown obtainable from retained records in order to make the required showing of necessity. See id.; In re Brand Name Prescription Drugs Antitrust Litig., 94 C 897, 1999 WL 759472, at *6 (N.D. Ill. Sept. 1, 1999)(chart identifying nature of document copied, number of service copies prepared, number of pages, copying cost per page, and total copying cost held sufficient to satisfy Seventh Circuit's requirements for reimbursement of photocopying costs); Levka v. City of Chicago, 107 F.R.D. 230, 231 (N.D. Ill. 1985). "The party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied,

including how they were used or intended to be used in the case. A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made." *LeMoine v. Combined Communications Corp.*, 95 C 5881, 1996 WL 435115, at *2 (N.D. Ill. July 31, 1996)(quoting *Helms v. Wal-Mart Stores, Inc.*, 808 F.Supp. 1568, 1570 (N.D. Ga. 1992), aff'd, 998 F.2d 1023 (11th Cir. 1993)).

Glenayre objects to all charges for "inside copies," claiming that Jackson has not attempted to "segregate costs related to this litigation" and has "failed to offer any explanation that these charges were necessary." (Pl.'s Objection to Def.'s Bill of Costs at 4 (emphasis in original).) In his Reply, Jackson lamely offers to deduct 10% of his inside copy charges from the total as copies made for convenience, asserting that the remaining 49,502 copies were necessary to the case as copies of motions, exhibits, memoranda, witness books, etc. (Reply at 8-9.) The Court agrees with Glenayre. Jackson's bare-bones presentation of what appear to be three fully redacted internal billing statements provide none of the detail or explanation required (*i.e.*, nature of documents copied, number of copies, cost per page, use/intended use of the documents, etc.) for recoupment of in-house photocopying charges.

Glenayre also objects to Jackson's "outside copy charges" -- which include 82,148 black-and-white copies, 3,585 color copies ranging from $1 to $2.50 per page, and assorted book-copying fees -- as "grossly excessive." (Pl.'s Objection to Def.'s Bill of Costs

at 3.) Whether or not the charges are excessive, Jackson's attached invoices are certainly not sufficiently detailed to allow the Court to ascertain the reasonableness or necessity of these photocopies. Jackson offers nothing more than generalized assertions in his Reply Brief that these copies were "made for use in the case" (Reply at 10), failing to disclose as required (either on the attached invoices or by affidavit) the nature of the particular documents copied by these outside vendors, how many sets were included in any particular job, or their use or intended use at trial. See LeMoine, 1996 WL 435115, at *2. Jackson's ipse dixit assertion in his Reply Brief that this massive number of photocopies related to motions, memoranda, exhibits, etc. is not evidence (as a detailed affidavit would be) and in any event simply does not pass muster as a showing that these outside copies were necessary or reasonable for use in the case. Where a court is unable to determine whether photocopies were reasonable or necessary for use in a case, that claim for costs should be denied. See Place v. Abbott Labs., 94 C 5491, 1999 WL 569580, at *3 (N.D. Ill. July 30, 1999); Am. Auto. Accessories, Inc. v. Fishman, 991 F.Supp. 995, 997 (N.D. Ill. 1998). Accordingly, the Court denies Jackson's request for photocopying costs in its entirety.

### D. Exhibits and Multimedia

Defendant has also submitted invoices for color enlargements, charts, and a computerized animation. A party may recover costs for "exemplification," 20 U.S.C. § 1920(4), a term broad enough to

include "the reasonable expense of preparing maps, charts, graphs, photographs, motion pictures, Photostats, and kindred materials." *EEOC v. Kenosha Unified Sch. Dist. No. 1*, 620 F.2d 1220, 1227 (7th Cir. 1980). "Costs for enlargements and exhibits are recoverable when they are an essential aid to understanding an issue in the case." *Rogers*, 2002 WL 423723, at *3; *see Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000)(judge considers whether nature and context of information presented genuinely called for means of illustration that party employed); *Endress & Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 922 F.Supp.158, 162 (S.D. Ind. 1996) (costs associated with production of demonstrative exhibits are taxable, provided exhibits were necessary to understanding of an issue and a material aid to jury and not merely illustrative of expert testimony, other adequate evidence, or argumentative); *Bd. of Trustees v. Underwood Neuhaus Co., Inc.*, 89 C 6468, 1995 WL 38964, at *2 (N.D. Ill. Jan. 30, 1995)(costs for enlargement of exhibits taxable because exhibits were necessary to aid jury in understanding complex securities issues and calculations). However, multimedia services which "[do] not involve the creation of diagrams, charts, or graphs, but merely the packaging and display of pre-existing documents and other exhibits . . . [and] may have less to do with conveying information to judge and jury than [constitute] an effort to wow them" are "auxiliary" and are not recoverable. *Endress & Hauser, Inc.*, 922 F.Supp. at 162. Section 1920 does not obligate the losing party to pay for the victor's "glitz." *Id.* (quoting *BASF*

*Corp. v. Old World Trading Co.*, 86 C 5602, 1992 WL 229473, at *3 (N.D. Ill. Sept. 11, 1992)).

Jackson has submitted invoices delineating exhibit and enlargement charges totaling $5,859.50, and has asserted that all of them were made for use in the case, including thirty which were admitted into evidence. (Reply at 10.) The exhibits included material designed to aid the jury in understanding the complex patent issues involved in the case, and the Court will allow these costs. Jackson also seeks $609 for an undefined "database update," markers and eraser, and two large exhibit bags. These costs are denied, as they were not themselves exhibits and have not otherwise been shown to be necessary to the litigation.

Jackson also requests costs related to two computer animations, including a $5,000 "patent tutorial," a $4,450 animation comparing the configuration of the parties' products identified as "Figure 1 vs. MVP"), $165 for a "design consultation," and $11,632.50 in additional costs for computer design. Glenayre argues that "[t]he subject matter of the case was not so complicated as to require such an animation, as was amply demonstrated by both parties presenting testimony primarily through the use of figures from the patent." (Pl.'s Objection to Bill of Costs at 4.) The Court takes a somewhat more forgiving view. The subject matter of the case was technical and complicated, and the Court will allow costs of $4,450 for the comparative "Figure 1 vs. MVP" animation. The Court denies costs, however, for the "patent tutorial," as this tutorial, designed to

explain the basics of the patent issues in the case, presented information that did not genuinely require such an expensive means of illustration. *Cf. Cefalu*, 211 F.3d at 428. Similarly, the Court denies costs for the undefined and unexplained consultation and computer design charges. Like Jackson's request for photocopying costs, these charges do not reveal sufficient descriptive information for the Court to determine whether they were reasonably necessary to the litigation.

Accordingly, in total the Court awards costs for exemplification in the reduced amount of $10,309.50.

### E. Multimedia Equipment

Jackson requests $4,395 for rented equipment used to display its multimedia presentations in the courtroom during trial. Glenayre objects, claiming that it is "neither a fee for exemplification nor copies," and claims that "the Court's own equipment could have been used at no expense to the parties." (Pl.'s Objection to Bill of Costs at 4.) Glenayre's position is unpersuasive. The Seventh Circuit addressed a similar issue in *Cefalu*:

> [I]n view of the illustrative purpose of exemplification, we are not convinced that the line between producing an exhibit and presenting that exhibit to the court is the most appropriate one to draw. Enlarging a crucial document, for example, may be the only practical means of permitting a witness to point out the forensic features of that document. . . . Allowing fees for the cost of preparing [the exhibit] but not for renting the projector would in this sense be a highly formalistic distinction, as each is key to the illustrative function of the exhibit.

*Cefalu*, 211 F.3d at 428. Indeed, courts have consistently upheld awards of multimedia equipment rental fees from outside vendors. *See, e.g., Newsome v. McCabe*, 96 C 7680, 2002 WL 1008472, at *11 (N.D. Ill. May 17, 2002); *Trammel v. BASF Corp.*, 99 C 6897, 2002 WL 59114 (N.D. Ill. Jan. 14, 2002); *Chemetall GMBH v. ZR Energy, Inc.*, 99 C 4334, 2001 WL 1104604 (N.D. Ill. Sept. 18, 2001). Given this legal backdrop, the Court finds that $4,395 is a reasonable rate for a seven-day rental of the multimedia projection equipment itemized in Jackson's invoice, and awards that cost accordingly.

### F. Certified Copy of Patent Documents

Finally, Jackson requests $1,500 for the cost of obtaining a certified copy of the patent (as well as the two reexamination certificates) at issue in this case. A party may recover costs for such items if they were reasonably necessary. *See Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 216-17 (7th Cir. 1975)("Copies of patents, file wrappers, and photoprints reasonably necessary for use in the case are recoverable as costs."); *Vardon Golf Co. v. Karsten Mfg. Corp.*, 99 C 2785, 2003 WL 1720066, at *10 (N.D. Ill. Mar. 31, 2003); *Endress & Hauser, Inc.*, 922 F.Supp. at 161.

Glenayre objects to Jackson's prayer for these costs, asserting that "at no time did Glenayre contest the validity of the patent and the certified patents conveyed absolutely no material information to the jury." (Pl.'s Objection to Bill of Costs at 5.) This assertion is meritless. As Jackson correctly points out, the patent was admitted into evidence, both parties repeatedly referred to its

- 13 -

claims, drawings, and specifications, and the jury was asked to determine whether the Glenayre product infringed the patent. (Reply at 11.) Obtaining a certified copy of the patent along with its two reexamination certificates was reasonable and necessary; as Jackson presents an itemized invoice for $1,500, the Court awards that cost.

### CONCLUSION

For the foregoing reasons, Defendant's bill of costs is **GRANTED IN PART AND DENIED IN PART** in the total amount of $19,455.91.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: August 8, 2003