Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 0256 | DATE | June 29, 2004 |
| CASE TITLE | Glenayre Electronics, Inc. vs. Philip Jackson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's Motion to Set Trial on Remaining Issues is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 0 1 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 196 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAP | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# ORDER

On April 8, 2004, the United States Court of Appeals for the Federal Circuit affirmed the judgment this court entered after Jackson accepted a remittitur. The mandate was issued on May 21, 2004, and Glenayre has since that date satisfied the judgment. Jackson has now moved to set a trial date on "remaining issues." Glenayre argues in response that since it has satisfied the judgment entered against if for direct infringement, there are no issues remaining to be tried. Jackson argues that he is entitled to pursue damages for contributory/inducing infringement.

The court agrees with Glenayre that there are no issues remaining between the parties. The judgment that this court entered, which was finalized after Jackson accepted a remittitur, completely compensated Jackson for direct infringement. Once this has occurred, there is nothing more that is owed. Contributory and inducing infringement are just other sides of the same coin. A patentee is entitled to one complete recovery for the infringement that occurs. Here the direct infringement consisted of the manufacture and sale of Glenayre's MVP products to others. In return for accepting damages awarded by the jury, Glenayre receives a *de facto* license covering the sale of the infringing goods. This legitimizes the sales of the infringing goods to Glenayre's customers, and their usage of them. Had Glenayre for some reason not satisfied the judgment, such as an intervening bankruptcy, Jackson, of course, would be entitled to pursue the customers. But, by accepting money instead of seeking an injunction, for example, he has acquiesced in the use of the infringing goods by the infringer's customers. *See Wagner Sign Service v. Midwest News Reel Theatres, Inc.*, 119 F.2d 929, 930 (7th Cir. 1941).

Therefore, Jackson's Motion to Set Trial on Remaining Issues is denied.