Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 256 | **DATE** | 9/8/2004 |
| **CASE TITLE** | Glenayre Electronics Inc. vs. Phillip Jackson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Glenayre's Motion for Sanctions is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 9 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 209 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| | | CLERK | date mailed notice | |
| WAP | courtroom deputy's initials | 2004 SEP -9 AM 7:56 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

FILED

SEP 8 2004

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

GLENAYRE ELECTRONICS, INC.,

    Plaintiff,

 v.

PHILLIP JACKSON,

    Defendant.

Case No. 02 C 0256

PHILIP JACKSON, an individual,
and PMJ FAMILY LIMITED
PARTNERSHIP,

    Counterclaim-Plaintiffs,

Hon. Harry D. Leinenweber

 v.

GLENAYRE ELECTRONICS, INC.,

    Counterclaim-Defendant,

DOCKETED

SEP 0 9 2004

# MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Glenayre Electronics, Inc. (hereinafter, "Glenayre") for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") against Philip Jackson and PMJ Family Partnership (hereinafter "Jackson"), and all counsel who have appeared on behalf of Jackson (the "Motion"). For the following reasons, the Motion is denied.

## I. INTRODUCTION

Glenayre filed the instant action seeking a declaratory judgement that its products do not infringe any claim of U.S.

209

Patent No. 4,596,900 (the "'900 Patent") held by Jackson. Jackson filed a counterclaim against Glenayre for contributory infringement or inducement to infringe the '900 Patent, and against some of Jackson's named and unnamed customers for direct infringement of Jackson's '900 Patent. In September 2002, the Court stayed and enjoined Jackson's counterclaim against Glenayre for contributory infringement or inducement and against its customers for direct infringement pending resolution and final judgment in Glenayre's declaratory judgment suit. Subsequently, Jackson amended its counterclaim to include a claim for direct infringement against Glenayre. The jury returned a $12 million verdict for Jackson on the direct infringement claim. The Court entered a remittitur reducing the award and entered a final judgment in the amount of $2,929,674.41. Neither party contests that Glenayre has satisfied the judgment in full.

After voluntarily dismissing its infringement claims against Glenayre's customers, Jackson filed a Motion to Set Trial on the remaining issues of Glenayre's contributory infringement and inducement claims, as well as any resulting damages from such infringement (the "Set Trial Motion").

In response to Jackson's Set Trial Motion, Glenayre filed the present Motion arguing that Jackson violated Rule 11 by continuing to prosecute its counterclaims relating to further liability for

Glenayre's infringement, despite the fact that Jackson purportedly had already been fully compensated in the earlier judgment.

## II. **LEGAL STANDARD**

Glenayre alleges that Jackson has violated Rule 11(b)(1), (3), and (4) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 11. Rule 11 seeks to ensure that documents submitted by counsel to the Court "are well grounded in fact and in law or present a good faith argument for the extension, modification, or reversal of existing law." Pacific Dunlop Holdings, Inc. v. Barosh, 22 F.3d 113, 118 (7th Cir. 1994). Under Rule 11, motions must not be made for any improper purpose and allegations and factual contentions must have evidentiary support. See FED. R. CIV. PRO. 11(b)(1)(3)(4). The court evaluates whether "a party's conduct was imposed for an improper purpose by an objective standard." Pacific Dunlop Holdings, Inc., 22 F.3d at 118. The Seventh Circuit further instructs that Rule 11 "sanctions are to be imposed sparingly, as they can 'have significant impact beyond the merits of the individual case' and can affect the reputation and creativity of counsel." Hartmarx Corp. v. Abboud, 326 F.3d 862, 867 (7th Cir. 2003)(quoting Pacific Dunlop Holdings, Inc. 22 F.3d at 118)).

## III. **DISCUSSION**

Glenayre contends that "Glenayre's payment of the judgment against it has the effect of extinguishing Jackson's patent rights, and precluding any liability for inducement to infringe or

contributory infringement." (Motion for Sanctions, at ¶ 8). Further, Glenayre argues that its payment of the six percent royalty rate "assessed in the Remittitur Order grants it the unrestricted right to sell to customers, permit customers to use the products, and exhausts Jackson's patent rights. Glenayre's customers do not directly infringe, since Glenayre has paid the maximum royalty as reflected in the Remittitur Order." Finally, Glenayre contends that at the time Jackson filed the Set Trial Motion, it was not reasonable for Jackson's counsel to assert that Glenayre had remaining liability relating to the '900 Patent.

Jackson contends that due to the bifurcated trial, only the issues of liability and damages for Glenayre's direct infringement have been resolved. The jury instructions and verdict, Jackson contends, clearly indicate that the damages awarded were not intended to compensate Jackson for Glenayre's contributory infringement/inducement as such issues were not presented to the jury. Further, Jackson contends that "no trier of fact has ever been presented the opportunity to analyze the full profits realized by users of Jackson's Patent in the Glenayre supply chain." (Orum and Roth's Response, at ¶ 2). Jackson further argues that it was attempting to comply with the Court's earlier rulings in setting the issues for trial that the Court specifically contemplated and stayed pending resolution of the direct infringement matter. Jackson also notes that Glenayre at no point submitted an order to

withdraw the remaining claims and there was no order dismissing the claims when Jackson filed the Set Trial Motion. In the Set Trial Motion, Jackson advocates for a one-day trial with limited discovery at the earliest possible date.

As noted above, Rule 11 sanctions are to be used very sparingly because of the potential chilling effect such sanctions can have on the extension of good faith arguments and the potential for reputational harm. Here, Court's previous orders carried some ambiguity as to the continuing viability of Jackson's counterclaims. For instance, the Court expressly stayed and enjoined any discovery and other proceedings relating to Glenayre's contributory infringement or inducement of the '900 Patent. See 9/27/02 Minute Order; 10/9/02 Motion to Clarify. Further, even in the amended judgment, the Court by its own language contemplates the possibility of additional claims. That said, the Court has also made clear in oral comments and by previous rulings from the bench that no counterclaims survive.

Accordingly, there is sufficient good faith basis for Jackson's Set Trial Motion. Or, put another way, even if ill-advised, the Set Trial Motion is not so devoid of merit or aimed at improper purpose as to warrant the imposition of Rule 11 sanctions. Because it was not objectively unreasonable for Jackson to file the Set Trial Motion, the Court denies Glenayre's Motion.

## IV. CONCLUSION

For the foregoing reasons, Glenayre's Motion for Sanctions is **DENIED**.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: September 8, 2004