IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GLENAYRE ELECTRONICS, INC.,**<br><br>    **Plaintiff,**<br><br>  **v.**<br><br>**PHILIP JACKSON, an individual,**<br><br>    **Defendant.** | **Case No. 02 CV 0256**<br><br>**Hon. Harry D. Leinenweber** |
| **PHILIP JACKSON,**<br><br>  **Counterclaim-Plaintiff,**<br><br>  **v.**<br><br>**GLENAYRE ELECTRONICS, INC.,**<br><br>  **Counterclaim-Defendant.** | |

## MEMORANDUM OPINION AND ORDER

In 2002, Glenayre Electronics, Inc. (hereinafter, "Glenayre") brought an action (hereinafter, "the 2002 action") against Philip Jackson (hereinafter, "Jackson") seeking a declaratory judgment that its products did not infringe on a patent owned by Jackson. Jackson brought a Counterclaim for both indirect and direct infringement. A jury returned a verdict for Jackson on the direct infringement claim. Now, Jackson has sued his attorneys, Mr. Niro and the firm of Niro, Scavone, Haller & Niro (collectively, hereinafter, "the Niro firm") in state court for malpractice in connection with the 2002 action.

The Niro firm has moved to enjoin Jackson from making certain arguments in the malpractice action.

## I. BACKGROUND

Following trial, the jury in the 2002 action found for Jackson and awarded him $12.1 million in damages for the direct infringement of his patent. Jackson accepted a remittitur which left the sum at $2.65 million, but this Court then ruled that acceptance of the remittitur prevented him from pursuing claims against Glenayre for indirect infringement. Specifically, this Court held (and the Federal Circuit affirmed) that Jackson was "completely compensated" by the remittitur for Glenayre's infringement.

Prior to this suit, Jackson had sued certain of Glenayre's customers for patent infringement. These claims were stayed pending resolution of the direct infringement alleged against Glenayre. Jackson has not sought to have these stays lifted.

In 2006, Jackson filed a five-count complaint in state court alleging negligence, failure to provide an accounting, and malpractice in the 2002 action. Within the two counts of malpractice, Jackson makes the following allegations: (a) that the Niro firm advised Jackson to seek a claim of damages against Glenayre rather than an injunction or declaratory judgment, thereby putting into jeopardy Jackson's potential claims against Glenayre customers; (b) that the Niro firm advised Jackson to withdraw an interlocutory appeal protesting the bifurcation (and stays) of Jackson's claims against Glenayre customers; © that the Niro firm failed to adequately

supervise an expert to ensure that the expert's testimony would be admissible; and (d) that the Niro firm advised Jackson to accept the remittitur, thereby leading this Court to hold that Jackson had been fully compensated.

The Niro firm has attempted to dismiss Jackson's malpractice claims based on the doctrine of collateral estoppel. The state court held that the arguments that Jackson is pursuing in the malpractice action were not litigated in this Court and therefore are not barred by collateral estoppel. Now, the Niro firm asks that this Court enjoin Jackson from making assertions that contradict this Court's alleged judgment that the $2.65 million after remittitur represented all possible damages in the infringement case (this precludes Jackson from arguing that had the Niro firm not advised him to accept the remittitur, he could have obtained a more favorable verdict in a second damages trial). Additionally, the Niro firm asks that this Court enjoin Jackson from arguing that he could have brought lawsuits against Glenayre's customers because this Court enjoined such claims.

Before addressing the issues before the Court, it is important to point out what issues are *not* before this Court. Specifically, Jackson's substantive allegations of malpractice are not at issue here. This Court has ignored portions of the parties' briefs devoted to the malpractice issue.

## II. **AUTHORITY**

A federal court's ability to enjoin state court actions stems from two related acts, the Anti-Injunction Act and the All Writs Act.

*See* 28 U.S.C. § 2283; 28 U.S.C. § 1651(a). The All Writs Act permits "all courts established by Act of Congress . . . [to] issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Anti-Injunction Act generally prohibits a federal court from enjoining or staying proceedings in a state court except where a delineated exception applies. 28 U.S.C. § 2283; *In re Prudential Ins. Co. of America Sales Practice Litigation*, 261 F.3d 355, 365 (3d Cir. 2001); *Carlough v. Amchem Products, Inc.*, 10 F.3d 189, 201 n.9 (3d Cir. 1993). The Act was designed to prevent friction between state and federal courts and to protect state court proceedings from federal interference. *Amalgamated Clothing Workers of America v. Richman Bros.*, 348 U.S. 511, 514-16 (1955). The "relitigation exception" specifically permits federal courts to enjoin a state court's relitigation of a matter previously determined by the federal court. 28 U.S.C. § 2283 (exception where federal court seeks to "protect or effectuate its judgments"); *Samuel C. Ennis & Co., Inc. v. Woodmar Realty Co.*, 542 F.2d 45, 49 (7th Cir. 1976); *see also* 28 U.S.C. § 2283, Revisor's Note; 1A, Part 2 J. Moore, *Federal Practice* P0.208 [2]-[3] (2d Ed. 1974). The relitigation exception is "founded in the well-recognized concepts of *res judicata* and collateral estoppel. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147-48 (1988).

## III. **JURISDICTION AND STANDING**

As an initial matter, this Court must determine that the Court has jurisdiction over this motion and that the Niro firm has standing to bring the motion. Jackson appears to concede that jurisdiction and standing are proper here. Under the Anti-Injunction Act, "no independent basis of jurisdiction is required for a federal court to entertain an application to enjoin relitigation in state court." *Huguley v. General Motors Corp.*, 999 F.2d 142, 145 (6th Cir. 1993); *see also Mahurkar v. C.R. Bard, Inc.*, 209 F.Supp.2d 911, 913-14 (N.D. Ill. 2002). Additionally, the Niro firm has standing to bring the motion because there is "no prohibition on non-mutual issue preclusion in the Anti-Injunction Act." *Mahurkar*, 209 F.Supp.2d at 913 n.1; *see Ennis & Co. v. Woodmar Realty Co.*, 542 F.2d 45, 49 (7th Cir. 1976) (affirming injunction entered at request of non-party to prior lawsuit).

## IV. **PRECLUSIVE EFFECT OF THE STATE COURT DECISION**

This Court must also decide a second preliminary matter before determining whether this case falls within the relitigation exception. Rather than coming first to this Court to request an injunction, the Niro firm has already requested that the state court dismiss parts of Jackson's complaint on the basis of claim preclusion. In its decision on the motion to dismiss, the state court held that the doctrine of collateral estoppel did not bar Jackson's proposed arguments. The state court believed that this Court had merely held that "because [Jackson] accepted the award [he]

could not recover more," not that this Court had held that Jackson could not legally be entitled to more damages under any circumstances. Now, this Court must determine whether it is bound by the state court's decision. *See Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518 (1986) (federal court must consider the possible preclusive effect of state court's *res judicata* determination under Full Faith and Credit Act).

*Parsons Steel* held that the relitigation exception to the Anti-Injunction Act is limited by the Full Faith and Credit Act, which requires that a federal court give a state court's judgment the same preclusive effect it would have had in another court of the same state. *Parsons Steel,* 474 U.S. at 525-26; *Ramsden v. AgriBank, FCB*, 214 F.3d 865, 868-69 (7th Cir. 2000). The question is thus whether an Illinois state court would view the state court's collateral estoppel ruling as binding. *Id.* This question was not briefed by the parties. Instead, the Niro firm has relied on the Seventh Circuit's decision in *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation*, 333 F.3d 763 (2003), which is inapposite as the state court did not rule on a *res judicata* issue before the litigants brought the matter to the district court.

Under Illinois law, collateral estoppel applies where "(1) the issue decided in the prior adjudication is identical to the issue presented in the present suit; (2) a final judgment was entered on the merits in the prior adjudications; and (3) the party against whom estoppel is asserted was a party to or in privity with a party to the

prior adjudication. *Graham v. Hildebrand*, 203 Fed. Appx. 726, 729 (7th Cir. 2006) (citing *Gumma v. White,* 833 N.E.2d 834, 843 (Ill. 2005). It appears that the first and third requirements are met. The question is thus whether the state court's denial of the Niro firm's motion to dismiss is a final judgment on the merits. In order for a judgment to be final, it must be such that it puts an end to the litigation or definitely puts the case out of court. *Workmen's Lumber & Const. Co. v. Martin,* 257 N.E.2d 494 (Ill. 1970). Denial of a motion to dismiss does not put an end to litigation; it is interlocutory rather than final and appealable. *Village of Westmont v. Lenihan*, 704 N.E.2d 891, 894 (Ill. App. 1998). Thus, the state court action does not bind this Court under the Full Faith and Credit Act.

**V.    APPLICATION OF THE RELITIGATION EXCEPTION**

Thus, this Court must now consider whether the relitigation exception applies. The relitigation exception applies where (1) a federal court has entered judgment and (2) "the claims or issues, strictly and narrowly defined, enjoined from state litigation actually have been decided by the district court." *Rutledge v. Scott Chotin, Inc.*, 972 F.2d 820 (7th Cir. 1992). A district court may, under the relitigation exception, enjoin the decision of an issue the result of which is necessarily dictated by the district court's prior decision of another question. *Rutledge*, 972 F.2d at 925. Any doubts as to whether the relitigation exception applies must be resolved in favor of allowing a state court to proceed without interference.

*Merle Norman Cosmetics, Inc. v. Victa*, 936 F.2d 466, 468 (9th Cir. 1991).

In addition to the two requirements above, a litigant must still show equitable entitlement to an injunction. *Ramsden*, 214 F.3d at 869. The "mere fact that the case falls within [the relitigation exception] . . . does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" *Id.* Thus, "once a state court considers a *res judicata* defense and rules that a prior federal judgment does not actually bar a claim, the affront of federal court intervention stripping the state court of power to continue is greatly magnified. After such a ruling, the interests in preventing possible relitigation are therefore generally outweighed by the heightened comity concerns except in the most extraordinary circumstances." *Id.* at 870.

Putting aside, for a moment, the first two requirements, this Court notes that the Niro firm has failed to address the *Ramsden* equitable entitlement requirement. The Niro firm argues merely that a federal judgment has been entered regarding the arguments Jackson puts forth in the state court and that the state court's ruling does not preclude this Court from entering a judgment. The Niro firm has pointed to no extraordinary circumstances entitling it to an injunction. Of course, the Niro firm faces the expenses and uncertainty inherent in litigation, but the *Ramsden* Court has already held that this is not a sufficient reason to enter an injunction

where a state court has already weighed the collateral estoppel issue. *Ramsden*, 214 F.3d at 871. The Niro firm still has the ability to appeal the state court's final decision through the state appellate process. *See Parsons Steel*, 474 U.S. at 525. Thus, this Court will not enjoin the arguments Jackson seeks to make in the state court malpractice action.

Even if the *Ramsden* equitable entitlement were met, this Court would not issue the injunction requested. In reviewing this Court's rulings (as well as the Federal Circuit's ruling), it is nowhere clear that this Court held that Jackson would never have been entitled to damages exceeding $2.65 million, but, that on the evidence presented, this was all he was entitled to. Instead, the Court held that after accepting the remittitur, Jackson was entitled to no more and could not argue that he was.

There remains the Niro firm's second request – that this Court enjoin Jackson from asserting that he was entitled to recover from customers because Jackson has made no attempt to lift injunctions placed on customer suits by this Court. This Court agrees with the Niro firm that these customer suits are, at present, enjoined. The Niro firm apparently did not bring this request first to the state court, so *Ramsden's* concern for the principles of comity are not as applicable. However, Niro's argument is essentially that this Court should enjoin Jackson from arguing that he might have been entitled to damages from Glenayre's customers because he has failed to attempt to lift the injunctions. This appears to this Court to be a fact to

be considered as a defense to the malpractice action – and not a justification for an injunction.  In fact, the basis cited for the injunction (that Jackson has failed to attempt to lift the injunctions on the customer suits) is not even a judgment of this Court.  Thus, this Court will not issue this proposed injunction either.

## VI.   CONCLUSION

For the reasons stated herein, the Niro firm's Motion for Injunction is denied.


**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: August 30, 2007